## Mandel Brothers v. Jeanne Hocquard.

1. EMPLOYMENT—*Burden of Proving an Improper Discharge.*— When a person brings a suit for damages sustained because of an improper discharge, the burden is upon him to show that he was engaged for a definite period and discharged without sufficient cause before the end of it.

Assumpsit, for a breach of contract. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed and remanded. Opinion filed December 24, 1901.

RINGER, WILHARTZ & LOUER, attorneys for appellant.

OSSIAN CAMERON and CHESTER FIREBAUGH, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The plaintiff below, August 11, 1889, began to work for appellant as a designer of hats. According to her testimony, Miss Cohen, representing appellant, then told her that she could not decide whether appellee would be employed for the season until she knew what appellee could do. Appellee testified that before she had finished her trial, Mr. Emanuel Mandel offered her a position in the house at $30 a week and that she decided to take the position. She further testified that he then told her that she would have to go to New York and see Mr. Caspary as to the length of time she would be employed, and that although objecting so to do, she finally went to New York. Owing to her illness she did not see Mr. Caspary and she wrote to him, he having gone to Chicago, asking that her season should be made as long as possible and saying she ought to have some positive knowledge of the number of weeks before she began, to which he replied: "Come at once. Will arrange time to suit."

Prior to her leaving Chicago she had on the 16th day of August signed a contract of employment which provided that appellant should have the right at all times and at the

sole discretion of its manager or its agent to terminate her employment at the end of each day without notice to her; also provided that should she for any cause neglect, fail or refuse, or be unable to perform the duties of her position, then said corporation, without notice to her, might terminate her employment, and that in case of said termination all her rights, claims and demands under the contract should cease. .

The suit under consideration arose from her claim that she was employed to work until Christmas and to her having been discharged on the 29th of September, up to which time she was paid. The telegram from Mr. Caspary saying, " Will arrange time to suit," seems to indicate that he then intended to engage her as she desired, for the season, namely, until Christmas. Upon her return to Chicago she called upon Mr. Caspary and had a talk about the time for which she was to be employed. According to her testimony a final arrangement was made with him until the first week in December or Christmas time, if the season was good.

Appellee claims that she was twice employed by appellant; that the contract she signed was in reference to the first employment before she went to New York and that she signed no contract as to the second employment.

Appellant insists that there was but one engagement and no time of its or the duration of any employment was ever fixed.

According to the testimony of appellant her work was unsatisfactory. Appellee says that Mr. Caspary said her work was satisfactory. September 29th, she not having been at the store either the 28th or 29th, appellant wrote to her in substance as follows:

" Inasmuch as you have failed to comply with our rules by remaining away without notifying us of the cause of such absence, we shall no longer require your services. Enclosed please find check for $42.50 salary due you."

Her record as to attendance from September 15th had been as follows:

Sept. 15th, 8:35 A. M.; Sept. 16th, 8:30 A. M.; Sept. 18th, at

12 o'clock noon; Sept. 19th, 10 A. M.; Sept. 20th and 21st, 8:30 A. M.; Sept. 22d, 9 A. M.; Sept. 23d, 8:45 A. M.; Sept. 25th, 8:30 A. M.; Sept. 26th, 8:45 A. M.; Sept. 27th, 8:35 A. M.; Sept. 28th and 29th, absent.

As to the hour at which she was to go to work she testified that Mr. Emanuel Manuel told her it was eight o'clock. She said, a designer is favored and does not go to work until half past eight, and that he replied, that was all right.

She also testified that a week before the discharge " I was away in the morning for sickness and they put my work eight o'clock. I went to see Mr. Robert Mandel and he said, 'You came yesterday at twelve o'clock.' I said, ' The doctor was waiting on his patients and I had to wait, so rather than be late I came at twelve o'clock.' I told him about my sickness and he said ' I will arrange you to work like I used to have.' He never told me that I should write the house why I was away."

Mr. Caspary and Mr. Emanuel Mandel deny having had the conversations which she attributes to them respectively. Appellant brought suit, not to recover for wages earned, but for damages sustained because of an alleged improper discharge. The burden of proof was upon her to show that she was engaged for a definite period. Although two witnesses testified against her, we can not say the evidence is such that the verdict of the jury as to that matter should be set aside. She may not have understood that the written contract of employment she signed applied to the entire period during which she worked for appellant, while it is evident appellant so considered. Her repeated tardiness and final absence for two days, without notice that she expected to be or why she was so absent, constituted a sufficient reason for her discharge.

The fact that for some absences a deduction had been made from her pay to which she did not object, did not deprive appellant of the right to discharge her, either for tardiness or absence. Her contract was not to work at such hours as she saw fit, subject only to a fine or deduction in case she did not attend at the promised hours, but

to be present and begin work at certain fixed times; and her failure so to do was a breach of her contract of employment.

It is quite evident that no manufacturing or mercantile house can carry on its business under a rule that employes are at liberty to go to work at such hours as they see fit, being paid only for the time they are actually engaged. The work of one employe not infrequently depends upon that of another being done at a certain time; while engagements with customers require that the house should know when employes will go to work. Neither tardiness for a short time nor absence for a few days can be considered trifling breaches of a contract of employment.

The repeated tardiness and the absence of appellee constituted a sufficient reason for her discharge. The judgment of the Superior Court will be reversed and the cause remanded.